IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**SOMOAN OLDEN,**

                    **Petitioner,**

      v.                                  CASE NO. 16-3169-JWL

**NICOLE ENGLISH, WARDEN,**
**USP-LEAVENWORTH,**

                    **Respondent.**


**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se and submitted the filing fee.

**Background**

Petitioner is incarcerated at the United States Penitentiary, Leavenworth, Kansas ("USPL").

In August 2015, mailroom staff at USPL contacted the institution's Special Investigations unit ("SIS") concerning returned mail. The envelope was addressed to "Eva" at a Kansas City address and bore petitioner's name and register number in the return address.

Inside the envelope, investigators found a handwritten letter to Eva, a typed letter to the IRS, a typed letter to the Kansas City Municipal Court ("KCMC"), a list of pending charges and the title "Money Order", an IRS Form 1040-V for 2013, and an IRS Form 1040, Individual Tax Return for 2014 (Doc. #5, Attach. 1, Exs. D and E).

The document titled as a money order includes the direction to pay $1,000.00 to the U.S. Treasury and "Charge the Same to the Head

of the agency of the Kansas City Municipal Court." Petitioner's Social Security Number appears in the "Memo Account", and he signed his name as the authorized representative.

The letter to the KCMC identifies petitioner as a creditor and the United States and the KCMC as debtors for the alleged use of petitioner's credit without remuneration. The letter purports to accept an offer from the court to return "Pending Charges/Warrant/Bill/Money Order, thereby discharging all controversy and charges." The letter also explains that the claim is the amount shown on the Form 1040-Voucher, is paid with petitioner's "exemption", and asks the KCMC to "balance out" the money order on the pending charges and provide a "1099OID."

The Form 1040-Voucher shows a payment of $1,000.00 to the U.S. Treasury, and the Form 1040 reports income of the same amount from a "1099OID" and seeks a refund of $1,000.00. The letter to the IRS requests that it send petitioner the amount shown on the pending charges page with interest. Petitioner's letter to Eva directs her to send the information to the IRS in Atlanta, Georgia, as soon as possible.

On August 22, 2015, SIS staff prepared an incident report charging petitioner with Use of the Mail for an Illegal Purpose, in violation of Code 196, and Stealing, in violation of Code 219(A)[1]. The report was delivered to petitioner on the same day. Later that day, the report was suspended pending a referral for possible prosecution.

Institutional staff conducted an additional investigation of the incident report and advised petitioner of his rights. The report then

---

[1] The prohibited acts and sanctions applicable to prisoners in the custody of the BOP are set out in 28 C.F.R. § 541.3 in Table 1, Prohibited Acts and Available Sanctions and Table 2, Additional Available Sanctions for Repeated Prohibited Acts Within the Same Severity Level.

was forwarded to the Unit Discipline Committee ("UDC") for review.

On August 24, 2015, petitioner appeared before the UDC. He declined to make any statement until the matter was referred to the Discipline Hearing Officer ("DHO"). Due to the serious nature of the charges, the UDC referred the matter to the DHO for disposition. On the same day, petitioner received a Notice of Discipline Hearing and a copy of the Inmate Rights at Discipline Hearing. Petitioner acknowledged receipt of both documents. (*Id.*, Exs. G and H).

On August 26, 2015, the DHO conducted a hearing. Petitioner gave a statement at the hearing, saying "I didn't know this was fraud. I was trying to clear up warrants. A guy helped me with this and just told me where to sign and put my Social Security number so that is what I did." (*Id.*, Attach. 1, Crews declar. Ex. I). The DHO found petitioner guilty of abuse of the mail for an illegal purpose but removed the charge of attempted stealing. The DHO based her decision on the report of the SIS member who opened the returned mail, photocopies of the contents of the envelope, and a report compiled from information in a computer database showing Eva is petitioner's sister. *Id*. The DHO also considered an IRS Bulletin describing frivolous tax filings, including the use of a Form 1099 OID to obtain funds from the U.S. Treasury (*Id.*, Exs. I and J).

The DHO considered petitioner's statement of innocence but found it unconvincing because he personally mailed the documents and because the documents were the type used to defraud the government. As sanctions, the DHO disallowed 41 days of Good Conduct Time and imposed 90 days loss of commissary, phone privileges, and visiting privileges. Petitioner was advised of the findings and his right to pursue administrative remedies. On September 3, 2015, the DHO issued a

written report. Petitioner received the report on September 9, 2015.

**Discussion**

To obtain habeas corpus relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An application for habeas corpus filed under Section 2241 challenges the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Respondent seeks the dismissal of this matter on several grounds.

<u>1. Exhaustion of administrative remedies</u>

Before filing a petition for habeas corpus under 28 U.S.C. § 2241, a prisoner must exhaust available administrative remedies. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)(internal quotation marks and citations omitted).

To properly exhaust remedies, the petitioner must have presented the same claims in the administrative grievances that appear in the court petition. *Williams v. Wilkinson*, ___ Fed.Appx. ___. 2016 WL 4924523 at *1 (10th Cir. Sep. 14, 2016)(citing *Woodford*, *id*. at 94).

Petitioner filed an appeal at the BOP Regional level. Because he failed to sign the appeal, the BOP rejected the remedy but gave him ten days to resubmit it. Petitioner resubmitted the remedy on October 22, 2015. In that appeal, he argued only that he did not commit an illegal act against the IRS and had merely copied from a document. The Regional Director denied relief on December 11, 2015 (Doc. #5, Attach. 2, Janson decl. par. 13, Exs. B and C).

On January 29, 2016, petitioner filed an appeal with the BOP Central Office. The remedy was rejected as untimely and because petitioner did not present a staff memo on BOP letterhead that stated the untimely filing was not petitioner's fault. Although petitioner asserts that the agency refused to re-examine the appeal, he presents no evidence of any circumstances that would excuse his failure to properly complete the administrative appeal process. The Court concludes he failed to properly exhaust administrative remedies.

<u>2. Due process in administrative hearing</u>

Petitioner has a constitutionally protected liberty interest in his earned good conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). He therefore was entitled to due process in the disciplinary proceedings which resulted in the loss of 41 days of good conduct time and other sanctions.

A prison disciplinary proceeding is not a criminal prosecution and does not provide a prisoner with the "full panoply of rights due a defendant in (criminal) proceedings". *Wolff v. McDonnell*, 418 U.S. 539, 561 (1974). In *Wolff*, the United States Supreme Court set the benchmark for due process in prison disciplinary proceedings, holding that a prisoner must receive (1) advance written notice of the violation charged no less than 24 hours prior to the hearing, an opportunity to call witnesses and present documentary evidence where doing so would not be "unduly hazardous to institutional safety or correctional goals", and a written statement from the factfinder stating the reasons for the decision and the supporting evidence. *Wolff*, 418 U.S. at 563-66. Due process in this context requires only that there be "some evidence" to support the disciplinary findings. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Here, the evidence before the DHO included the report prepared by the staff member who reviewed the returned mail and the materials, namely, a 1099 OID Form, a 1040-V payment voucher, a fraudulent money order, and a letter to the Kansas City Municipal Court. The DHO considered petitioner's defense that he did not know it was fraud but was not convinced. The Court finds the record before the DHO was sufficient to satisfy the standard of "some evidence".

The Court also finds the petitioner received adequate due process in the disciplinary proceedings. First, petitioner received written notice of the charges on August 24, 2015, more than 24 hours before the DHO hearing on August 26, 2015. Next, the DHO was an impartial hearing officer with no prior involvement in the disciplinary incident (Doc. #5, Attach. 1, Crews decl. par. 20-21, Exs. G and H). Third, petitioner appeared before the DHO and gave a verbal statement. While he did not request witnesses, introduce evidence, or request a staff representative, he had the opportunity to do so (*Id*., par. 20-21, Ex. I). Fourth, petitioner received written notice of the DHO's findings, which included a written statement of the supporting evidence and the reasons for the sanctions imposed. *Id*.

3. Applicability of the Administrative Procedure Act

The Administrative Procedure Act ("APA") allows an individual to request judicial review of administrative agency decisions. 5 U.S.C. § 702. However, where "agency action is committed to agency discretion by law," judicial review is not available under the APA. *Id.* at § 701(a)(2).

Petitioner argues that the DHO used a High Severity rather than a Greater Severity Prohibited Act Code and thereby created a new regulation in violation of the APA. Respondent construes this argument

to assert that the DHO's finding that petitioner committed the prohibited act of abuse of the mail for an illegal purpose in violation of Code 196, rather than a lesser charge, was a failure to comply with the rule promulgation procedures established in the APA. *See* 5 U.S.C. § 551, *et seq*.

However construed, petitioner's argument fails for two reasons. First, because he did not present this argument in his administrative appeal, the claim alleging a violation of the APA is unexhausted.

Next, petitioner's claim fails on the merits. Under the APA, a federal court may "hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706. Certain decisions, however, are exempt from judicial review. Of relevance here is 18 U.S.C. § 3625, which exempts decisions made under 18 U.S.C. §§ 3621-26 from judicial review under the APA. These statutory provisions include the place of a prisoner's incarceration and good time credits. The Tenth Circuit has expressly stated that § 3625 bars review under the APA of the BOP's "substantive disciplinary decisions involving the reduction of good time credits". *Jordan v. Wiley*, 411 Fed.Appx. 201, 214 (10th Cir. 2011). Petitioner's bare claims of arbitrary and capricious action by the DHO must be dismissed.

4. First Amendment violation

Petitioner broadly asserts that the DHO created a new regulation and thereby violated his right to free speech secured by the First Amendment (Doc. #1, p.3).

As with petitioner's claim under the APA, this claim is subject to dismissal because it is unexhausted. Likewise, this bare claim

fails to identify any plausible legal or factual basis for relief in habeas corpus. Petitioner relies on the decision of the United States Supreme Court in *Procunier v. Martinez*, 416 U.S. 396 (1974). In that case, the Supreme Court recognized that a prisoner's outgoing correspondence implicates the First Amendment guarantee of freedom of speech of both prisoners and their correspondents. *Id*. at 413. However, the *Procunier* decision does not secure a right to mail materials such as fraudulent tax documents; rather, it established that the censorship of outgoing prisoner mail is justified if the regulation furthers a significant government interest and the limitation on the prisoner's First Amendment right is not greater than necessary to protect the legitimate government interest involved. *Id*. at 413.

Petitioner's cursory reference to the First Amendment and *Procunier v. Martinez* does not state a viable ground for habeas corpus relief and must be dismissed.

## Conclusion

For the reasons set forth, the Court sustains the decision of the DHO. Petitioner received adequate due process in the administrative disciplinary hearing, and the decision of the DHO is supported by some evidence. The Constitution requires no more.

The administrative decision is not subject to review under the APA, and petitioner fails to identify any arguable ground for relief under the First Amendment.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 17th  day of November, 2016, at Kansas City, Kansas.

<pre>
                              s/ John W. Lungstrum
                              JOHN W. LUNGSTRUM
                              U.S. District Judge
</pre>